# Board of Education of City of Catlettsburg et al v. City of Catlettsburg et al.

### (Decided Nov. 9, 1938.)

H. F. PRICE and W. D. O'NEAL for appellants.

GEORGE F. GALLUP and MARTIN & SMITH for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

The Board of Education of the City of Catlettsburg and its treasurer, J. C. Hogan, instituted this action in equity against the city of Catlettsburg and the treasurer of the city, and after necessary formal allegations further alleged that during the month of February, 1938, and prior thereto, the city treasurer had collected and received various sums of money due the board of education and its treasurer, all of which had been accounted for and paid to the treasurer of the school board except the sum of $550, which sum the city treasurer by direction of the city authorities was holding and without right or authority so to do was refusing to pay same over to the treasurer of the school board; that such sum represented taxes collected by the city treasurer and due the board of education for the use and benefit of the public schools of the city. In a second paragraph it was alleged in substance that previously a controversy arose between the city of Catlettsburg and the board of education of such city and the

Midland & Atlantic Bridge Company, hereinafter called the bridge company, concerning the liability of the bridge company for city and school taxes for the years 1936, 1937, the bridge company denying that it owed such taxes; that the city whose duty it was to collect the taxes effected a compromise with the bridge company whereby the latter paid the taxes, interest and penalties for the year 1936 in the sum of $11,738.35; that under the respective levies for city and school purposes 51 per cent or a sum of $5986.55 of the amount paid by the bridge company was school taxes levied by the board of education for the purpose of schools of the city and that the board was entitled to receive and use same for such purpose; that it was the duty of the treasurer of the city to apportion the sum collected from the bridge company between the city and the board of education and to pay over to the treasurer of the school board the portion due it; but instead of so doing the city treasurer at the instance of the city authorities had deposited the money in a special account for the city and had refused to apportion the money and to pay over to the treasurer of the board the amount to which it was entitled.

After setting out grounds it asked for a mandatory injunction against the defendants and that the city treasurer be ordered and directed to pay over to the board of education and its treasurer the sum of $550 as set out in the first paragraph of the petition; that it be adjudged that the board of education was entitled to 51 per cent of the sum collected from the bridge company and same credited to the school fund to be paid on the 10th day of April, 1938; that the city treasurer be enjoined and restrained from dissipating or use of the sum of $5985.35 due the school board or any part thereof for any purpose other than to pay same over to plaintiff and that a mandatory injunction be granted against the defendants and they be ordered and directed to pay over to the school board the sums above indicated.

Defendants interposed a demurrer to the petition, but the demurrer was never passed upon by the chancellor and there is no showing that it was insisted upon by defendants. Defendants also filed answer, counterclaim and set-off traversing the first paragraph of the petition and in separate paragraphs admitted that the bridge company paid to the city the sums set out in the peti-

tion but that this was not paid by way of compromise of any tax claim but was a donation to the city; that in August 1935 the bridge company transferred and conveyed its bridge to the highway department of Kentucky and therefore it owed no franchise or other taxes to the city or school board for the years 1936 and 1937.

Defendants further affirmatively alleged that at the instance and request of the school board and pursuant to section 4421-1 et seq. Kentucky Statutes, the city in order to provide a new school building for conducting and operating the public school system of the city entered into a contract with the United States government through a department thereof known as the Federal Emergency Administration of Public Works which is generally referred to and will hereinafter be called P. W. A. for aid by way of a grant and loan in financing the construction of such building. Under the terms of such contract the city issued its negotiable bonds in the principal amount of $24,000 for the payment of which funds and credit of the city alone was pledged; that pursuant to an ordinance and resolution passed by the city and by the school board they entered into a contract whereby the school board obligated itself to pay rental for the building for a term of years, the annual rental, as provided, to be paid semi-annually beginning October 1, 1937; that the school board had paid all accrued rentals under the contract except the sum of $550, and in order to satisfy this unpaid balance the city had withheld taxes collected for school purposes in the months of January, February, and March, 1938, and placed such sums in a special sinking fund provided by agreement between the city and the school board for the payment of interest bearing coupons attached to and made part of the bonds issued by the city and sold for the purpose of completing the building. It asked that the city be adjudged entitled to set off its claim for rent in the sum of $550 against plaintiffs' claim for taxes in that sum collected and not accounted for.

On final hearing it was adjudged that the $550 mentioned in the first paragraph of the petition was due and payable to plaintiffs and a mandatory injunction be granted against the defendants as prayed with respect to that item. It was further adjudged that plaintiffs had no interest in the sum of $11,738.81 mentioned in the second paragraph of the petition, and that the judg-

ment prayed for with respect to that sum be denied and that plaintiffs recover of defendants no part thereof. From that part of the judgment plaintiffs are appealing and upon motion of defendants they have been granted a cross-appeal from that part of the judgment granting to plaintiffs the relief sought in the first paragraph of the petition.

The school board did not deny that it entered into a contract with the city to rent the school building and to pay rental in sums sufficient to take care of principal and interest on the bonds issued pursuant to the city's contract with the P. W. A., but there is a controversy as to when the payments should begin, the school board claiming that at the time it was not in fact in arrears.

The chancellor in his judgment and opinion after reviewing the facts and acts and conduct of the parties concluded that the initial semi-annual rental payment should be made on February 1, 1938, instead of the earlier date claimed by appellees. It would serve no good purpose to extend this opinion by a discussion of the terms of the contract between the city and the school board and other facts and circumstances referred to by the chancellor. It is sufficient to say that there is such a substantial basis for the chancellor's conclusion as would forbid us to interfere even though the matter is somewhat clouded with doubt. The chancellor expressed some doubt as to whether appellants were pursuing the proper remedy but that question seems not to have been pressed below. A considerable portion of brief for appellants is devoted to that question but counsel for appellees are apparently not stressing it since there is no reference to it in points and authorities and it is merely mentioned at the close of their brief. The city admitted that it had collected taxes which rightfully belonged to the school fund and for which it had not accounted in the sum in controversy and since we have refused to disturb the chancellor's finding that the school board was not in arrears, and therefore such sum is due the board, we would not be justified in disturbing the judgment on the doubtful question of procedure.

Turning to the other phase of the case we find it admitted that the bridge company made or caused to be made to the city treasurer a check for $11,738.81 and this check contains a notation "for account, Catlettsburg taxes." According to the evidence of practically

all the witnesses this was considered and treated as a donation by the bridge company to the city and not in payment of taxes due the city nor in compromise of taxes claimed. The bridge company entered into a contract with the state highway commission as alleged in appellees' answer and that contract has been upheld by this court. See Long v. Mayo et al., 271 Ky. 192, 111 S. W. (2d) 633. The attorney for the bridge company and the attorney general of the state gave opinions that the bridge company owed no taxes for the years 1936 and 1937. The bridge company filed an action against the city and its officers seeking to enjoin the collection of taxes against it for the year 1936 and against any assessment against it for taxes for the year 1937. The city filed answer, setting up practically the same facts as contained in the petition, later, however, the answer was withdrawn and the case was heard on a demurrer to the petition. The court overruled the demurrer and the defendants declining to further plead the bridge company was adjudged the relief sought. Prior to this Mr. John Kitchen who was connected with the bridge company had agreed to pay to the city practically the amount of taxes claimed for 1936. But Mr. Browning, who represented the bridge company in the litigation, denied all liability on the part of the bridge company for the years 1936 and 1937 and refused to permit the check to be delivered to the city until it had been finally determined by the court that the bridge company owed no taxes for such years. Mr. Browning testified positively that this check was not given in compromise and settlement of that litigation but was a donation and gift to the city. The evidence of others connected with the transaction was to the same effect. There is evidence that the bridge company had previously made a donation to the city to assist in some street paving. It also appears in evidence that the bridge company did not take up tax receipts for the years in question when the check was delivered. While the check itself and other facts and circumstances tend to sustain appellants' contention, this is so overborne by direct and positive proof sustaining the chancellor's finding as would forbid the appellate court from interfering with his finding or judgment.

Wherefore, the judgment is affirmed on both the original and cross appeals.